Filed 1/27/22  Berman v. HSBC Bank USA CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

|  |  |
|---|---|
| STANLEY BERMAN, | C092382 |
| Plaintiff and Appellant, | (Super. Ct. No. CU14080886) |
| v. | |
| HSBC BANK USA, N.A., | |
| Defendant and Respondent. | |

Plaintiff Stanley P. Berman, representing himself in pro. per.,[1] sued defendant HSBC Bank USA, N.A. following defendant's denial of plaintiff's application for a loan modification.  In his third amended complaint, plaintiff asserted two causes of action against defendant for violation of Civil Code[2] section 2923.6 and Business and Professions Code section 17200 et seq.  Defendant filed a motion for summary judgment (the motion), which was granted.

---

[1]     Defendant notes plaintiff is an attorney licensed to practice law in California.  This fact, if true, is immaterial to our review of the appeal.  We treat pro. per. parties the same as represented parties, i.e., uniformly applying the procedural and substantive rules of appellate review.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

[2]     All further section references are to the Civil Code unless otherwise specified.

1

The trial court agreed with defendant that, because section 2923.6 was repealed effective January 1, 2018, "the instant lawsuit, based thereon, is now terminated." In that regard, the trial court rejected plaintiff's arguments that his claims were preserved under: (1) Senate Bill No. 818 (Stats. 2018, ch. 404, § 7), which became effective January 1, 2019; (2) "the rule of 'statutory continuity' " discussed in *Travis v. Nationstar Mortg., LLC* (9th Cir. 2018) 733 Fed.Appx. 371, 373; (3) "the authority of *Schmidt v. Citibank, N.A.* (2018) 28 Cal.App.5th 1109, 1117"; and (4) the law of the case doctrine.

As to the law of the case contention, the court explained plaintiff argued the trial court was bound to follow a prior trial judge's ruling that Senate Bill No. 818 " 'resurrected' " plaintiff's section 2923.6 claim; a ruling issued in denial of defendant's prior motion for judgment on the pleadings. The court cited several cases, noting the law of the case doctrine does not apply to trial court rulings.

Plaintiff appeals asserting only that "the trial court made reversible error by not following its prior ruling." (Bolding, capitalization, and underlining omitted.) Defendant argues plaintiff forfeited the appeal by filing a deficient opening brief and failing to provide an adequate record to permit meaningful review. In the alternative, defendant asserts plaintiff's argument is meritless. We affirm.

DISCUSSION

We are unable to conduct an appropriate review of the trial court's ruling because we do not have an adequate record on appeal. As plaintiff appropriately notes, we review the grant of a motion for summary judgment de novo to determine whether the moving party met his, her, its, or their burden of proof. (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.) In that vein, we assume the role of the trial court by independently examining the record and evaluate the correctness of the trial court's *ruling*, not its rationale. (*Moore v. William Jessup University* (2015) 243 Cal.App.4th 427, 433.) "It is a fundamental principle of appellate law that the lower court's judgment is presumed to be correct. An appellant has the burden to overcome the presumption of

correctness and show prejudicial error." (*Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 260, disapproved on another ground in *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58, 77.)

The appellant's appendix contains only two documents: the order denying the motion for judgment on the pleadings and the order granting the motion for summary judgment. We are unable to conduct a de novo review of the ruling on the motion because the record is missing several documents critical to our review, such as the memoranda of points and authorities in support of and opposition to the motion and the separate statements of undisputed material facts.[3] Indeed, the trial court's ruling on the motion indicates there were other bases asserted by defendant in support of its motion. Thus, even if we were to agree with plaintiff's argument, we cannot reverse the judgment because we cannot evaluate whether plaintiff was prejudiced. For that reason, if the record is inadequate for meaningful review, "the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.)

Additionally, plaintiff's sole argument on appeal is that "[t]he power of one trial judge to vacate another judge's orders is 'limited' and should only be exercised as prescribed by statute."[4] (Citing *Church of Scientology v. Armstrong* (1991) 232 Cal.App.3d 1060.) Nothing in the appellant appendix indicates the ruling on the motion

---

[3]    As defendant appropriately notes, the appellant's appendix also fails to include several items required by the California Rules of Court. (Cal. Rules of Court, rule 8.124(b)(1)(A)-(C).) After defendant filed its respondent's brief, plaintiff filed a motion to augment the record on appeal. We denied the motion to augment "for inexcusable delay and inexcusable neglect in preparing the record."

[4]    We are unable to confirm that the theory asserted by plaintiff on appeal was appropriately raised in the trial court. Plaintiff's theory appears to be different from the law of the case doctrine asserted in the trial court.

for judgment on the pleadings *was vacated* by the judge presiding over the motion and plaintiff provides no citation to the record to support his argument. (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th at p. 1246 [" '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been [forfeit]ed' "].)

For the foregoing reasons, we conclude plaintiff has failed to demonstrate prejudicial error on appeal and thus affirm the judgment.

DISPOSITION

The judgment is affirmed. Defendant shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/_____
Robie, J.


We concur:


/s/_____
Raye, P. J.


/s/_____
Hull, J.